IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | * | |
| PLAINTIFF | * | |
| | | CIVIL ACTION NO.: RDB-11-1596 |
| V. | * | |
| DOCK STREET ENTERPRISES, INC., *ET AL.* | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff J&J Sports Productions, Inc. ("J&J Sports") filed this action on June 10, 2011 against Defendants Dock Street Enterprises, Inc., Helene P. Fox, Kyle J. Fox, and Michael Wroten (collectively, "Defendants"). The Complaint asserts that the Plaintiffs were granted exclusive nationwide television distribution rights to "The Battle of East and West: Manny Pacquiao v. Ricky Hatton, IBO Light Welterweight Championship Fight Program," a professional boxing telecast. The Plaintiff alleges that the Defendants broadcast this event without authorization. In three Counts, the Plaintiff alleges that the defendants engaged in (1) unauthorized publication or use of communications in violation of 47 U.S.C. § 605; (2) unauthorized reception of cable service in violation of 47 U.S.C. § 553; and (3) the common law tort of conversion.

Pending before this Court is Defendants' Motion for Summary Judgment (ECF No. 9). This Court has reviewed the record and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

Shortly after the filing of this lawsuit, the Defendants were named in a separate action in this Court in which the same causes of action are alleged. *See Joe Hand Promotions, Inc. v. Dock St. Enters., Inc.*, Civil Action No. WMN-11-1973. In that case, a different distributor, Joe Hand Promotions, Inc., alleged that the Defendants unlawfully exhibited an Ultimate Fighting Championship bout to which it had the exclusive distribution rights. The plaintiff in *Joe Hand* and the Plaintiff in the present action are represented by the same counsel, and with the exception of the specific factual assertions (regarding the precise sporting event and date in question) the complaints are identical. *Compare Joe Hand* Compl., No. WMN-11-1973, ECF No. 1, *with J&J Sports* Compl., No. RDB-11-1596, ECF No. 1. Noting the similarities of the cases, the Defendants sought to consolidate the two actions before Judge Nickerson of this Court. Moreover, the Defendants also filed a motion for summary judgment in *Joe Hand* that is substantially identical to the one pending here.

On December 8, 2011, Judge Nickerson issued an opinion in *Joe Hand* in which he granted in part and denied in part the Defendants' motion for summary judgment,[1] and denied the motion to consolidate cases.[2] *See Joe Hand Promotions, Inc. v. Dock St. Entrs., Inc.*, No. WMN-11-1973, 2011 WL 6141058 (D. Md. Dec. 8, 2011).

---

[1] Judge Nickerson issued his opinion in *Joe Hand* <u>after</u> the Defendants in the present case filed the pending motion for summary judgment. Accordingly, in briefing the pending motion for summary judgment, the parties in this case did not have the benefit of Judge Nickerson's *Joe Hand* opinion.

[2] In *Joe Hand*, Judge Nickerson denied the motion to consolidate on the grounds that the plaintiffs were not sufficiently related and that because the broadcasts occurred on different nights and involved different fees, discovery would require at least some degree of independent inquiry. *See Joe Hand Promotions, Inc. v. Dock St. Entrs., Inc.*, No. WMN-11-1973, 2011 WL 6141058, at *2 (D. Md. Dec. 8, 2011).

In *Joe Hand*, Judge Nickerson granted the Defendants motion for summary judgment on the unauthorized publication or use of communications count under 47 U.S.C. § 605, but denied the motion with respect to the unauthorized reception of cable service count under 47 U.S.C. § 553. In so ruling, Judge Nickerson concluded that "[Section] 605 applies to the interception of cable signals 'before they begin to travel through the cable,' while Section 553 applies to transmissions 'at the point in the system that the transmission is carried by coaxial cable or wires.'" *Id.* at *4 (quoting *Kingvision Pay Per View, Ltd. v. Duermeier*, 24 F. Supp. 2d 1179, 1183 (D. Kan. 1998)). In that regard, Judge Nickerson held that because "Dock Street intercepted the program as a cable transmission, it is subject to Section 553 only and Dock Street's motion will be granted as it relates to a violation of Section 605." *Id.* at *4.

With respect to the conversion claim asserted in *Joe Hand*, Judge Nickerson denied the Defendants' motion for summary judgment on the ground that there existed a disputed issue of material fact relating to the Defendants' assertion that they purchased the sporting event program in good faith. Because the common law tort of conversion requires a "showing that the defendant intended to assert a right that was inconsistent with ownership," the Defendants' assertion of an "honest mistake" potentially conflicted with the Defendants' contract with their cable provider which included a disclaimer stating that authorization must be received from the cable provider as well as "the applicable program or event distributor." *Id.* at *5.

Thereafter, the Defendants in *Joe Hand* filed a motion for reconsideration, which was denied by Judge Nickerson on February 7, 2012. *See Joe Hand Promotions, Inc. v. Dock St. Eters., Inc.*, No. WMN-11-1973, 2012 WL 401080 (D. Md. Feb. 7, 2012).

This Court finds the legal analysis conducted by Judge Nickerson in *Joe Hand* to be applicable and identical to the analysis required in the present case. The Plaintiff, who is represented by the same counsel as the *Joe Hand* plaintiff filed a nearly identical complaint which asserted the same three causes of action. The same Defendants filed a nearly identical motion for summary judgment that attacks the complaint of the same grounds as in *Joe Hand*. Accordingly, this Court hereby adopts Judge Nickerson's thorough and persuasive ruling in *Joe Hand* and concludes that the Defendants are entitled to summary judgment on Count I of the Complaint insofar as the Defendants intercepted the boxing telecast by cable transmission and are therefore only subject to liability under 47 U.S.C. § 553 and not Section 605. Defendants' motion for summary judgment is therefore denied as to Count II, and it is also denied with respect to Count III as there exists a factual dispute regarding the Defendants' good faith argument.

## CONCLUSION

For the reasons stated above, it is this 21st day of March, 2012, ORDERED that:

1. Defendants Motion for Summary Judgment (ECF No. 9) is GRANTED IN PART and DENIED IN PART. Specifically, it is granted with respect to Count I and denied with respect to Counts II and III; and

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

Dated: March 21, 2012

/s/_____
Richard D. Bennett
United States District Judge